## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| Ningde Amperex Technology Limited, | § | CIVIL ACTION NO. 1:25-cv-2272 |
| | § | |
| *Plaintiff*, | § | |
| | § | **JURY TRIAL DEMANDED** |
| vs. | § | |
| | § | |
| Zhuhai CosMX Battery Co., Ltd., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## COMPLAINT

Plaintiff Ningde Amperex Technology Limited ("ATL" or "Plaintiff"), by and through its undersigned counsel, brings this Complaint against Zhuhai CosMX Battery Co., Ltd. ("CosMX") and alleges as follows:

## PARTIES

1.     ATL is a Chinese corporation with its principal place of business at No. 1 Xingang Road, Zhangwan Town, Jiaocheng District, Ningde City, Fujian Province, People's Republic of China.  ATL is a wholly owned subsidiary of Amperex Technology Limited, which is a wholly owned subsidiary of TDK Corporation, a multinational electronics manufacturer based in Japan.

2.     With origins dating back to 1999, ATL is the world's leading producer and innovator of lithium-ion batteries. ATL is known worldwide for its high-tech, high-volume prowess in developing and manufacturing high-quality rechargeable lithium-ion batteries.

3.     ATL is now the world's leading lithium-ion battery manufacturer for smartphones and a major lithium-ion battery manufacturer for the consumer electronics sector. Over the past three years, ATL has manufactured over one billion lithium-ion batteries per year.

1

4.      ATL has leveraged its investments in research and development into technological innovations in all aspects of battery technology, including materials, processes, structures, charging technologies, and system design. ATL takes protection of its intellectual property seriously and follows security protocols to maintain its confidential battery designs within the company.

5.      As a leader in lithium-ion battery manufacturing and design, ATL actively engages in the design, research, and development of leading lithium-ion battery manufacturing technology, including lithium-ion "coin cell" battery design. "Coin cell" lithium-ion batteries are battery cells that usually comprise a single electrochemical cell and are used in small electronic devices such as hearing aids, watches, calculators, and other similar devices.

6.      On information and belief, Zhuhai CosMX Battery Co., Ltd. (珠海冠宇电池股份有限公司) ("CosMX") is a Chinese corporation with its principal place of business at No. 209, Zhufeng Road, Doumen District, Zhuhai 519180, People's Republic of China.

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction over ATL's claims arising under the Defend Trade Secrets Act, 18 U.S.C §§ 1836-39 *et seq*., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., and under the patent laws of the United States of America, 35 U.S.C. §§ 116, 256, 28 U.S.C. §§ 1331 and 1338. This court has supplemental jurisdiction over ATL's state law claims brought under the Code of Virginia, pursuant to 28 U.S.C. § 1367 because they arise from the same nucleus of operative fact as the federal trade secrets claim.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3) because CosMX is not a resident in the United States and thus may be sued in any judicial district.

9.      CosMX is subject to the specific personal jurisdiction of this Court under 35 U.S.C. § 293 because CosMX is the present (and disputed) owner in right and title of U.S. Patent No. 12,107,286 ("the '286 Patent," Exhibit 1), and these proceedings affect the '286 Patent and CosMX's purported rights thereunder. Further, ATL reasonably apprehends that CosMX will bring suit for infringement of the '286 Patent against ATL. ATL sells coin cell batteries, namely model numbers HB1160ECW and 512021, to its customer Huawei Technologies Co., Ltd. ("Huawei"),

and, on information and belief, Huawei products, including the HUAWEI FreeBuds Pro 2, HUAWEI Watch GT Cyber, and HUAWEI Watch GT 3, that contain ATL's coin batteries are available throughout the United States and in this judicial district. ATL has also taken steps to get two major consumer electronics companies based in the United States to include ATL's coin batteries in their products which, on information and belief, are distributed throughout the United States and in this judicial district.

10.    CosMX is further subject to the specific personal jurisdiction of this Court because CosMX has availed itself of the rights and privileges inherent to the protection provided by the Commonwealth of Virginia, the United States Patent and Trademark Office, and this District. CosMX reached into Virginia and the Eastern District of Virginia to apply for patent protection, filing an application that contained trade secrets and confidential designs misappropriated from ATL. By filing the application that led to the '286 Patent, CosMX disclosed ATL's trade secrets and confidential designs without ATL's consent.  Further, by filing the patent application, CosMX set in motion a chain of events that would eventually lead to the widespread dissemination of ATL's trade secrets and confidential designs when the application leading to '286 Patent was published and the '286 Patent issued.  By targeting its activities towards Virginia and this District, CosMX has subjected itself to the personal jurisdiction of this Court.

11.    Alternatively, as a foreign corporation, personal jurisdiction exists over CosMX at least by virtue of Federal Rule of Civil Procedure 4(k)(2) when taking into consideration all of CosMX's relevant contacts with the United States as a whole.  On information and belief, the filing of the application that led to the '286 Patent reasonably suggests that CosMX has commercialized a coin cell battery embodying ATL's trade secrets and plans to imminently place such coin cell batteries in the stream of commerce such that they are reasonably certain to reach the United States. To the extent CosMX is not subject to the general personal jurisdiction of any one state, its contacts with the United States as a whole subject it to the "federal long-arm statute."

3

## ATL DEVELOPS A NEW COIN CELL ENCLOSURE

12.     Around September 2019, ATL began to develop a new design for a lithium-ion coin cell battery which was documented in various confidential blueprints and design documents at ATL's research and development center located in Ningde, Fujian Province, China. These confidential blueprints and design documents constituted ATL's trade secrets and were a result of ATL's investment of substantial amounts of money, time, and effort in developing and refining its designs for lithium-ion coin cell batteries.

13.     In particular, ATL developed a battery assembly comprising a housing, a pole, a sealing ring, and a gasket. There is a through-hole on the housing, and the pole is inserted into the through-hole. The sealing ring is provided between the pole and the inner wall of the through-hole. The pole includes a cylindrical portion inserted into the through-hole, and one end of the cylindrical portion facing the inner side of the housing is provided with a sheet-like portion integrated with the cylindrical portion. The end of the cylindrical portion extending outward from the shell is surrounded by a flange. The end face of the pole facing the outer side of the housing has a groove, which extends along the axial direction of the cylindrical part from the outer end of the pole to the inner side, and the bottom of the groove is a sheet-like part. There is a gasket set between the flange and the sealing ring, and the part of the gasket in contact with the flange has an intentional inclination angle in the thickness direction of the gasket. On the outside of the housing, the sealing ring is longer than the gasket. Inside the housing, the sealing ring is longer than the sheet-like part. The hardness of the shell material is intentionally greater than that of the pole material. The specific structure of the new coin cell battery design is shown in the following figure:



14.     At least until the release of a commercial embodiment, ATL maintained the secrecy of the new coin cell battery design and of the confidential documents and blueprints created during the development process through various means, including: (1) instructing employees on ATL's comprehensive confidentiality policies; (2) requiring all employees to sign a confidentiality agreement upon joining the company; (3) designating certain areas within the company as confidential document access zones and establishing inspection procedures at such areas to prevent the loss of confidential samples or documents; and (4) providing ATL employees with encrypted company computers which feature robust IT security measures such as external storage device access restrictions, suspicious email monitoring, monitoring of abnormal printing activities, and various firewalls meant to capture any leaks from employee computers.

15.     In order to obtain samples of this new battery design, ATL sent these confidential designs to select vendors under NDA, including Dongguan Qinde Metal Products Co., Ltd., and BOZHON Precision Industry Technology Co., Ltd., around November 2019. Besides these vendors, ATL did not share the confidential designs with any other third party. Based on information and belief, BOZHON Precision Industry Technology Co. Ltd. is a supplier to both ATL and CosMX. Furthermore, CosMX has hired away employees from ATL's vendors that had access to ATL's trade secret information, including proprietary battery design materials.

16.     ATL eventually provided samples of its proprietary lithium-ion coin cell batteries to its customer Huawei, and to two major consumer electronics manufacturers based in the United States.  On information and belief, Huawei has incorporated the coin cell batteries in various technological products which are sold globally, including the Huawei Watch GT 3 that was released in November 2021, the Huawei Watch GT Cyber that was released in November 2022, and the Huawei FreeBuds Pro 2 that was released in July 2022.

## COSMX IMPROPERLY OBTAINS PATENT PROTECTION ON ATL'S DESIGN

17.     In May 2024, CosMX filed a patent infringement lawsuit in China against ATL, asserting six Chinese patents. Among these six patents is CN211907486U (the "'486 CN Patent"), which is directed towards the structure of a lithium-ion coin cell battery. CosMX accused ATL's

HB1160ECW and 512021 batteries, found in HUAWEI FreeBuds Pro 2, HUAWEI Watch GT Cyber, and HUAWEI Watch GT 3, of practicing the claims of the '486 CN Patent in the Chinese lawsuit. ATL was not aware of the '486 CN Patent until CosMX served its complaint upon ATL because ATL does not actively monitor all CosMX patent filings or publications.

18.    The '486 CN Patent was filed on May 25, 2020 and granted on November 10, 2020. The inventors of the '486 CN Patent are listed as Ning Peng, Bin Xie, and Yongwang Wang. Both Ning Peng and Bin Xie were former employees of ATL. Upon information and belief, Yongwang Wang was previously employed with Dongguan Jiade Automation Equipment Technology Co., Ltd. ("Jiade"), a supplier of ATL. While employed with Jiade, Wang frequently visited ATL's facilities and gained access to ATL's confidential design information. Upon further investigation by ATL, Figure 4 of the '486 CN Patent (reproduced below) shows a structure which has design elements that are identical to what ATL had previously designed and developed in its confidential design documents (outlined in red in the figure below).



| FIG. 4 of CosMX's '486 CN Patent | ATL's Coin Cell Battery Design |

19.    In the course of its investigation of the '486 CN Patent, ATL also discovered that CosMX has obtained a U.S. counterpart to the '486 CN Patent, the '286 Patent, which names the same inventors (*i.e.,* Ning Peng, Bin Xie, and Yongwang Wang) and includes a similar disclosure as the '486 CN Patent. The '286 Patent claims priority to the Chinese patent application that resulted in the issuance of the '486 CN Patent. The U.S. application that led to the '286 Patent was first published on September 9, 2021, and the '286 Patent issued October 1, 2024. The '286 Patent purports to solve existing issues in the design of known coin batteries in the prior art. For instance,

the '286 patent describes that, "[i]n the prior art, coin cells are set insulated and sealed at the butt joint…. Since this sealing method requires more sealing settings, it will not only make it difficult to seal, but also have a relative high risk of leakage after the sealing setting is completed, thereby it will bring adverse effects on quality and performance on the coin cell." '286 Patent at 5:40-46. The '286 Patent alleges that its claimed coin cell structure can provide an improved housing assembly for the coin cell, which "can have a relatively good scalability, which is beneficial to improving quality and performance of the coin cell." *Id.* at 5:47-56.

20.    As part of this improved assembly structure, the '286 Patent discloses an embodiment depicted by Figure 4 of the '286 Patent, which is identical to Figure 4 of the '486 CN Patent and contains identical structural elements as those depicted in ATL's confidential documents.



| **FIG. 4 of CosMX's '286 Patent** | **ATL's Coin Cell Battery Design** |

21.    The structural elements outlined above are further described and claimed in the '286 Patent. For example, the specification of the '286 Patent describes the outlined structure as comprising an "insulating rubber ring **221**" which is compressed between the "conductive nail **22a**" through the use of a "gasket **222**" which can be provided "between the flanging…of the conductive nail **22a** and the insulating rubber ring **221**." '286 Patent at 14:4-8. Similarly, claim 7 of the '286 Patent recites: "[t]he housing assembly of coin cell according to claim 1, wherein a gasket is provided between the flanging and the sealing rubber ring."

22.    Upon information and belief, CosMX acquired on or before May 3, 2020, ATL's trade secret information regarding the design of these lithium-ion coin batteries through improper

means, whether by unauthorized access to the aforementioned confidential blueprints and design documents or through other wrongful conduct. Because a commercial product embodying ATL's trade secret coin battery design was not released until late 2021, CosMX could not have learned of ATL's confidential and trade secret design through reverse engineering. That CosMX gained unauthorized access to, and illegally copied, ATL's confidential design is demonstrated by the fact that the features shown in FIG. 4 of the '286 Patent and in ATL's confidential design documents are identical.

23.    Upon information and belief, CosMX further induced the inventors of the '486 CN Patent and '286 Patent (*i.e.,* Ning Peng, Bin Xie, and Yongwang Wang) to wrongfully file patent applications in the U.S. and China for the same lithium-ion coin battery technology developed by ATL and to assign any resulting patent rights to CosMX. At the time of the filing of the '486 CN Patent application, CosMX further knew or had reason to know that the named inventors of the '486 CN patent and '286 Patent were not the true inventors of all of the claimed invention, as part of the claimed invention was derived from ATL trade secret information which was improperly acquired by CosMX. CosMX knew or had reason to know that ATL did not consent to CosMX's wrongful disclosure of ATL's trade secret information through CosMX's filing of its patent applications. CosMX also induced the inventors to file, in bad faith, fraudulent inventor oaths and other misrepresentations as required by the U.S. Patent and Trademark Office.

24.    Although the '286 Patent has not been asserted against ATL, CosMX's assertion of the '486 CN Patent against ATL and the relationship of the '286 Patent to the '486 CN Patent (*i.e.,* the '286 Patent being the U.S. counterpart of the '486 CN Patent) gives ATL a reasonable apprehension of future potential actions against ATL from CosMX involving the '286 Patent.

25.    The lithium-ion coin battery technology developed by ATL is commercially valuable, as demonstrated by the fact that lithium-ion coin batteries incorporating ATL's design have been pitched to two major U.S.-based consumer electronics companies and are currently used in several cutting edge wearable products such as the Huawei Watch GT 3, the Huawei Watch GT Cyber, and the Huawei FreeBuds Pro 2.

8

26.    CosMX has refused to respect ATL's intellectual property rights and the substantial investment ATL has made into developing this new lithium-ion coin battery technology.

## COSMX AND ITS EMPLOYEES HAVE A HISTORY OF CONSPIRING TO INTERFERE WITH ATL'S BUSINESS

27.    On information and belief, in addition to the above conduct, CosMX has over the last several years deliberately (i) torn down dozens of ATL battery cells and sought out ATL engineers with knowledge of ATL's patented technology, (ii) incorporated that same technology into its own infringing products, (iii) filed copycat patents that were clearly and improperly derived from ATL's own patent applications and patents, and (iv) misappropriated ATL trade secrets and then improperly filed patent applications claiming inventions derived from ATL's trade secrets.

28.    To further its efforts to interfere with ATL's business, CosMX hired key technical personnel from ATL to the point where almost half of its key technical personnel were former ATL employees and almost half of CosMX's issued patents identified at least one former ATL engineer as an inventor.

29.    On information and belief, CosMX attracted ATL engineers by offering huge financial incentives, such as those offered to Dr. Suli Li, who was given "at least 1.4 percent…worth of shares of CosMX stock" after she left ATL for CosMX.

30.    While at CosMX, Dr. Li proceeded to file a copycat patent application that was clearly derived from ATL's own U.S. Patent No. 10,964,987 (the "'987 Patent"). Proof that CosMX did not independently develop this technology was adduced during public testimony in a previous litigation between the parties. *See Ningde Amperex Technology Limited v. Zhuhai CosMX Battery Co., Ltd. et al.,* Case No. 2:22-cv-00232-JRG (E.D. Tex.). In particular, when Dr. Li was asked about the concepts described in her own patent application that mirrored the '987 Patent, she could not explain and said she "cannot speculate as to the writer's intention for writing down such concepts." Dr. Li's alleged co-inventor on the '987 Patent was unable to say under oath whether CosMX even invented the technology described in their patent application. CosMX's copycat

patent application was initially rejected by the Chinese Patent Office in view of the '987 Patent's counterpart in China. CosMX thus gained access to ATL's technology through key engineers it hired from ATL, and attempted to patent CosMX's own implementation of the technology via a copycat patent application.

31.    During the course of the same trial, ATL learned that CosMX hired Mr. Meng Cao, a senior engineer, to conduct battery analysis. Mr. Cao personally analyzed and tested dozens of ATL batteries. On information and belief, CosMX gained additional understanding of ATL's technology through reverse engineering of ATL products.

32.    The prior litigation resulted in a February 2024 trial in which a jury found that CosMX's products willfully infringed the '987 Patent. The separators in the infringing products are made according to specifications CosMX provides, and are similar to ATL's own battery separators because both implement the technology of the '987 Patent. SEM images adduced during the prior litigation showed the similarities between the ATL patented technology and CosMX's separators. Notably, many of those separators were purchased from ATL's separator supplier, which whom ATL had shared its proprietary separator technology before the '987 Patent published.

33.    At that same February 2024 trial, CosMX did not even attempt to rebut the fact that it copied ATL's patented technology and applied it to similar infringing products. For example, despite being called to the stand to tell her story, Dr. Li offered no explanation for why she did not know the concepts that appear in her patent application mirroring the '987 Patent. CosMX's technical expert, Dr. Lucht, likewise did not proffer any opinion to dispute CosMX's copying. Nor does CosMX deny that Mr. Cao engaged in extensive reverse engineering of ATL battery cells. As such, undisputed evidence at trial shows that CosMX gained access to ATL's technology, filed a copycat patent, and produced substantially similar products.

34.    Following the jury verdict of willful infringement, in May of 2024, CosMX brought a malicious patent infringement action in China alleging that ATL infringed the '486 CN Patent, which was derived from a design that ATL had developed.

35.     On September 6, 2024, to protect its intellectual property rights, ATL filed a second lawsuit against CosMX in the United States, accusing CosMX of infringing several of ATL's U.S. patents, including U.S. Patent No. 10,964,927 (the "'927 Patent"). *See Ningde Amperex Technology Limited v. Zhuhai CosMX Battery Co., Ltd. et al.,* Case No. 2:24-cv-728-JRG (E.D. Tex.). Three months after being sued for infringing the '927 Patent, not only did CosMX fail to cease its infringing activities, it filed yet another copycat patent application of the '927 Patent. Specifically, CosMX's Chinese Patent Application No. 202411763738.3 (later published under Publication No. CN 119481341A) reproduces a figure from ATL's '927 Patent:



| Fig. 4 of CosMX CN 119481341A | Fig. 1 of ATL's Asserted '927 Patent |
|---|---|

## COUNT I: DECLARATORY JUDGMENT OF OWNERSHIP OF THE '286 PATENT

36.     ATL re-alleges and incorporates by reference paragraphs 1 through 35 above as if fully set forth herein.

37.     This count is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201.

38.     Based on the allegations in this complaint, there is a substantial, continuing, and justiciable controversy between ATL and CosMX concerning the ownership of the '286 Patent and any other U.S. and/or foreign patents, patent publications, or patent applications claiming priority to or through the '286 Patent (*i.e.,* any "related patent."*).

39.     CosMX derived the subject matter of the '286 Patent and any related patent in whole or in part from ATL's confidential design documents and trade secrets. Thus, ATL, not CosMX, is

the true owner (or at least a joint owner) of the '286 Patent and any related patent. Further, CosMX's improper assertion of ownership for the '286 Patent and any related patent is causing damage and injury to ATL, and a prompt declaration of each party's rights is appropriate and necessary at this time.

40.     ATL therefore seeks a declaratory judgment finding that ATL is the sole, or alternatively a joint, owner of all right, title, and interest in the '286 Patent and any related patent; that ATL has the right to control prosecution of any such patents, and that ATL has the right to file in the future and to have issued to ATL as the owner, respectively, any related U.S. and foreign patent applications and patents issuing henceforth.

## COUNT II: DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '286 PATENT

41.     ATL re-alleges and incorporates by reference paragraphs 1 through 40 above as if fully set forth herein.

42.     This count is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201.

43.     As evidenced by the allegations in this complaint, there is a substantial, continuing, and justiciable controversy between ATL and CosMX concerning CosMX's actions in the prosecution of the '286 Patent and any related patent.

44.     CosMX and each of the named inventors failed to meet their duty of candor and good faith to the PTO by wrongfully filing the '286 Patent application and any related patent based on ATL's misappropriated lithium-ion coin battery technology. In these filings, CosMX and the inventors submitted, in bad faith, oaths to the U.S. Patent and Trademark Office attesting that they were allegedly the original inventors of the claimed invention. These oaths did not include any reference to ATL's proprietary lithium-ion coin battery nor do they give any credit to the ATL employees who initially developed the technology. Thus, CosMX's and the named inventors' actions during the prosecution of the '286 Patent and related patents constitute inequitable conduct and render all claims of the '286 Patent and any related patent unenforceable.

45.     In the event that ATL is not declared the sole, or alternatively a joint, owner of all right, title, and interest in the '286 Patent and any related Patent, ATL seeks a declaration that the '286 Patent and all related patents are unenforceable.

**COUNT III: DECLARATORY JUDGMENT OF INVALIDITY
OF THE '286 PATENT**

46.     ATL re-alleges and incorporates by reference paragraphs 1 through 45 above as if fully set forth herein.

47.     This count is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201.

48.     As evidenced by the allegations in this complaint, there is a substantial, continuing, and justiciable controversy between ATL and CosMX concerning the validity of the '286 patent and any related patent.

49.     On information and belief and in view of the allegations in this Complaint, the '286 Patent and any related patent are invalid under 35 U.S.C. §§ 101, 102, and/or 103, including because the inventions claimed therein were not invented by CosMX.

50.     In the event that ATL is not declared the sole, or alternatively a joint, owner of all right, title, and interest in the '286 Patent and any related patent, ATL seeks a declaration that the '286 Patent and all related patents are invalid.

**COUNT IV: CORRECTION OF INVENTORSHIP OF THE '286 PATENT**

51.     ATL re-alleges and incorporates by reference paragraphs 1 through 50 above as if fully set forth herein.

52.     CosMX wrongfully induced the inventors of the '286 Patent to file a patent on ATL's proprietary technology. CosMX knew or had reason to know that the information disclosed within those patents were derived from ATL's trade secrets. On information and belief, at least one of the named inventors of the '286 Patent is not a true inventor of any claim and should be removed as a named inventor.

53.     As evidenced by the allegations in this complaint, ATL expended significant resources in researching and developing the lithium-ion coin battery technology as claimed in the

'286 Patent and related patents. As such, ATL and its employees, including at least Guowen Zhang, who conceived of and reduced the lithium-ion battery technology to practice, are the true inventors of the '286 Patent and should be listed as either exclusive and/or joint inventors to the '286 Patent.

54.    On information and belief, ATL employees have made significant contributions to the inventions claimed in the '286 Patent. For example, at least claim 7 of the '286 Patent is directed towards technology that was first conceived and reduced to practice by ATL and its employees, not CosMX or the named inventors. Thus, ATL employees, including at least Guowen Zhang, are entitled to be added as inventors on the '286 Patent and any related patent.

## COUNT V: MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT

55.    ATL re-alleges and incorporates by reference paragraphs 1 through 54 above as if fully set forth herein.

56.    As evidenced by the allegations in this complaint, ATL's lithium-ion coin cell technology includes, but is not limited to, the confidential coin battery designs which have been improperly disclosed by CosMX's '486 CN Patent, the '286 Patent, and any related patent. ATL has kept its coin cell technology from disclosure through all appropriate and necessary means, including requiring ATL employees to execute confidentiality agreements, limiting access to the trade secrets to a subgroup of employees, and restricting disclosure of these trade secrets outside the company to certain necessary vendors. Thus, ATL's lithium-ion coin cell technology constitutes ATL's "trade secrets" under the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et seq*.

57.    ATL's trade secrets relate to products used in, or intended for use in, interstate commerce. ATL's trade secrets are highly valuable to ATL in that they are essential to ATL's developing and bringing its products to market and continuing to service the product market thereafter.

58.    At the time of misappropriation, ATL's trade secrets were not available to the public except through improper means. As evidenced by the allegations in this complaint, CosMX

misappropriated ATL's trade secrets, including, at the very least, ATL's proprietary lithium-ion coin battery technology by (1) acquiring ATL's proprietary lithium-ion coin battery technology using improper means (including, upon information and belief, through the use of a vendor who CosMX knew or should have reason to know had a duty to keep the trade secrets confidential or inducing ATL's former employees owing confidentiality obligations to ATL); and (2) disclosing ATL's proprietary technology without ATL's consent by filing patent applications which claimed ATL's proprietary technology (*e.g.,* the '486 CN Patent, the '286 Patent, and any related patent).

59.    As a direct and proximate result of CosMX's willful misappropriation of ATL's trade secrets, CosMX has been unjustly enriched and ATL has sustained damages and actual losses in an amount to be determined at trial, including, but not limited to, the cost of developing said trade secrets, diminishment of ATL's competitive advantage, and the loss of a reasonable royalty.

60.    ATL has also suffered irreparable injury because of CosMX's misappropriation and will continue to suffer irreparable injury that cannot be adequately remedied at law unless CosMX is enjoined from further utilizing the fruits of their misappropriation.

61.    CosMX conducted each of the acts of misappropriation willfully and maliciously, including the domestic act of filing the patent application that led to the '286 Patent, which is also an act in furtherance of misappropriation, entitling ATL to punitive damages and attorneys' fees to be proven at trial.

## COUNT VI: MISAPPROPRIATION OF TRADE SECRETS UNDER THE VIRGINIA TRADE SECRET ACT

62.    ATL re-alleges and incorporates by reference paragraphs 1 through 61 above as if fully set forth herein.

63.    As evidenced by the allegations in this complaint, ATL's proprietary technology for the lithium-ion coin cell has independent economic value from not being generally known to, and not being readily ascertainable by proper means by competitors and potential competitors of ATL. Thus, ATL's lithium-ion coin cell technology constitutes ATL's "trade secrets" under the Virginia Uniform Trade Secret Act ("VTSA"),  Va. Code. Ann. §59.1-336 *et seq.*

64. At the time of misappropriation, ATL's trade secrets were not available to the public except through improper means. As evidenced by the allegations in this complaint, CosMX misappropriated ATL's trade secrets, including, at the very least, ATL's proprietary lithium-ion coin battery technology by (1) acquiring ATL's proprietary lithium-ion coin battery technology using improper means (including, upon information and belief, through the use of a vendor who CosMX knew or should have reason to know had a duty to keep the trade secrets confidential or inducing ATL's former employees owing confidentiality obligations to ATL); and (2) disclosing ATL's proprietary technology without ATL's consent by filing patent applications which claimed ATL's proprietary technology (*e.g.,* the '486 CN Patent, the '286 Patent, and any related patent).

65. As a direct and proximate result of CosMX's willful misappropriation of ATL's trade secrets, CosMX has been unjustly enriched and ATL has sustained damages and actual losses in an amount to be determined at trial, including, but not limited to, the cost of developing said trade secrets, diminishment of ATL's competitive advantage, and the loss of a reasonable royalty.

66. ATL has also suffered irreparable injury because of CosMX's misappropriation and will continue to suffer irreparable injury that cannot be adequately remedied at law unless CosMX is enjoined from further utilizing the fruits of their misappropriation.

67. CosMX conducted each of the acts of misappropriation willfully and maliciously, entitling ATL to punitive damages and attorneys' fees to be proven at trial.

## COUNT VII: UNJUST ENRICHMENT

68. ATL re-alleges and incorporates by reference paragraphs 1 through 67 above as if fully set forth herein.

69. As evidenced by the allegations in this complaint, ATL developed valuable battery technology which belongs to ATL. ATL also expended valuable resources in the development of this technology.

70.    CosMX has wrongfully received substantial benefits by misappropriating ATL's proprietary technology that was developed at ATL's expense. Further, CosMX obtained these benefits under circumstances that would make it unjust for CosMX to retain those benefits.

71.    CosMX has knowingly and voluntarily accepted these benefits, by filing copycat applications covering ATL's battery technology and by obtaining assignments for the applications and the resulting patents providing CosMX with exclusive rights to ATL's battery technology.

72.    CosMX has failed to compensate, acknowledge, or recognize the benefits it has received from ATL's battery technology. As a result, CosMX has been unjustly enriched by claiming ownership of ATL's research and development, claiming exclusive rights in ATL's technology, and obtaining profits therefrom.

73.    CosMX is thus obligated to make restitution to ATL, including disgorgement of CosMX's profits resulting from CosMX's unjust enrichment.

<u>**COUNT VIII: VIOLATION OF BUSINESS CONSPIRACY ACT**</u>

74.    ATL re-alleges and incorporates by reference paragraphs 1 through 73 above as if fully set forth herein.

75.    On information and belief, CosMX, Ning Peng, Bin Xie, Yongwang Wang, Meng Cao, and/or Suli Li, violated Virginia's Business Conspiracy Act, Va. Code. Ann. §18.2-499 *et seq.*, by engaging in a concerted action to intentionally, purposefully, and unlawfully acquire ATL confidential information, take credit for ATL's inventions, and harm ATL's reputation in the marketplace for innovative lithium-ion batteries in the U.S. and globally.

76.    On information and belief, each of Ning Peng, Bin Xie, Yongwang Wang, Meng Cao, and/or Suli Li, stood to gain financially and/or reputationally through each one's actions alleged herein.

77.    On information and belief, one or more of Ning Peng, Bin Xie, Yongwang Wang, Meng Cao, and/or Suli Li, acted outside the scope of his/her employment in conducting the actions alleged herein.

78.     On information and belief, CosMX promised to and did pay above-market salaries or other remuneration, or offered continued employment, to Ning Peng, Bin Xie, Yongwang Wang, Meng Cao, and/or Suli Li, to acquire, steal, and/or disclose ATL confidential, proprietary information, and/or trade secret information.

79.     CosMX is legally responsible for the actions of Ning Peng, Bin Xie, Yongwang Wang, Meng Cao, and/or Suli Li, under the doctrine of *respondeat superior*. CosMX is also jointly and severally liable for the actions of its co-conspirators pursuant to Va. Code. Ann. §18.2-499 *et seq*.

80.     As a direct and proximate result of the conduct of CosMX, Ning Peng, Bin Xie, Yongwang Wang, Meng Cao, and/or Suli Li, ATL and/or its employees have suffered harm and other damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff ATL pray that the Court grant judgment as follows:

(a)     A declaration that ATL is the sole and exclusive owner of all right, title, and interest in and to U.S. Patent No. 12,107,286 B2, any related U.S. and foreign patent applications and resulting patents;

(b)     A declaration that ATL, if not the sole owner, is a joint owner of all right, title, and interest in and to U.S. Patent No. 12,107,286 B2, any related U.S. and foreign patent applications and resulting patents; and that ATL is further entitled to a pro rata undivided interest in the patent applications and resulting patents;

(c)     In the event that ATL is not declared the sole, or alternatively a joint, owner of all right, title, and interest in the '286 Patent and any related patent, a declaration that U.S. Patent No. 12,107,286 B2 and any related U.S. and foreign patent applications and resulting patents are unenforceable due to CosMX's inequitable conduct during the prosecution of the '286 Patent;

(d)      In the event that ATL is not declared the sole, or alternatively a joint, owner of all right, title, and interest in the '286 Patent and any related patent, a declaration that U.S. Patent No. 12,107,286 B2 and any related U.S. and foreign patent applications and resulting patents are invalid due to CosMX's inequitable conduct during the prosecution of the '286 Patent as well as because these patents are anticipated and/or rendered obvious by the prior art;

(e)      An injunction requiring CosMX to assign to ATL any and all patent applications and resulting patents that reflect, incorporate, or are based on ATL's lithium-ion coin battery technology;

(f)      An order requiring that the U.S. Patent and Trademark Office correct inventorship of U.S. Patent No. 12,107,286 B2;

(g)      An injunction requiring CosMX to execute the paperwork necessary for ATL's participation in the prosecution of any related patent application before the USPTO and any foreign Patent Office at which any related patent application may be pending;

(h)      A damages award, including punitive damages, to ATL for CosMX's acts of misappropriation of trade secrets and unjust enrichment under the DTSA and/or the VTSA;

(i)      An injunction requiring that CosMX assign all right, title, and interest in and to U.S. Patent No. 12,107,286 B2 and any related U.S. and foreign patent applications and resulting patents;

(j)      An injunction which prevents CosMX from using, licensing, or otherwise exploiting the misappropriated ATL lithium-ion coin battery technology, including but not limited to, benefitting from any patent or patent applications that are in any way based on ATL's lithium-ion coin battery technology;

(k)      An award or exemplary damages under 18 U.S. Code § 1836;

19

(l)     An award of treble damages pursuant to Va. Code. Ann. § 18.2-500;

(m)    An award of punitive damages under Va. Code. Ann. § 59.1-338;

(n)     ATL's attorneys fees and costs in this action; and

(o)     Such further relief that the Court deems just and proper.

## **JURY DEMAND**

Trial by jury is demanded for all claims and issues so triable in this action.


DATED: December 5, 2025                  Respectfully submitted,


                                    By:   */s/ Jared W. Newton*
                                          Jared W. Newton
                                          Virginia Bar No. 80746
                                          jarednewton@quinnemanuel.com
                                          QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP
                                          1300 I St NW #900,
                                          Washington, DC 20005
                                          Telephone: (202) 538-8000
                                          Facsimile: (202) 538-8100

                                          Michael D. Powell
                                          (*pro hac vice* forthcoming)
                                          mikepowell@quinnemanuel.com
                                          QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP
                                          50 California Street, 22nd Floor
                                          San Francisco, CA 94111
                                          Telephone: (415) 875-6600
                                          Facsimile: (415) 875-6700

                                          Lance Yang
                                          (*pro hac vice* forthcoming)
                                          lanceyang@quinnemanuel.com
                                          QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP
                                          865 S. Figueroa St., 10th Floor
                                          Los Angeles, CA 90017
                                          Telephone: (213) 443-3000

20

Facsimile: (213) 443-3100

Nagendra Setty
(*pro hac vice* forthcoming)
nicksetty@quinnemanuel.com
Quincy Lu
(*pro hac vice* forthcoming)
quincylu@quinnemanuel.com
Chunmeng Yang
(*pro hac vice* forthcoming)
chunmengyang@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1109 First Ave., Suite 210
Seattle, WA 98101
Telephone: (206) 905-7000
Facsimile: (206) 905-7100

*Attorneys for Plaintiff Ningde Amperex*
*Technology Limited*